## No. 4711.

### (Court of Appeal, Parish of Orleans.)

## STATE EX REL NEW ORLEANS ITEM PUBLISHING COMPANY, VS. JUDGE DIVISION "B," CIVIL DISTRICT COURT, E. A. O'SULLIVAN.

1. According to Art. 575, C. P., as amended by Act 24 of 1876, and Act 45 of 1890, the correct test of the solvency of a surety is whether, at the time he qualified, he resides within the jurisdiction of the Court and has property in the State not legally exempt from seizure, in an amount sufficient to pay all his liabilities, including the bond.

2. Future contingencies and possibilities are not to be considered merely because of a suggestion as to the inconvenience or difficulty of a seizure.

Appeal from the Civil District Court, Division "B."

Howe, Fenner, Spencer & Cocke, Attorneys for Relator.

E. A. O'Sullivan, Attorney.

DUFOUR, J. · The relator is defendant in the suit of O'Sullivan vs. New Orleans Item Publishing Company, in which a judgment was rendered against it for $500 on November 12, 1908.

On November 27, 1908, an order for a suspensive appeal to this Court was obtained, and on the same day a bond was given in the sum of $1,000, conditioned according to law, with James M. Thompson, residing within the jurisdiction of the Court, as surety.

On a rule of plaintiff in suit, to test the surety, the judge made the same absolute and dismissed the appeal on the ground that the surety was not worth the amount of the bond.

Relator then applied for a suspensive appeal from the judgment dismissing his appeal and lodged both appeals here.

On motion of appellee we dismissed the second appeal as not authorized by the decision of Reynolds vs. Egan, 47 S. R. 371, and relator then proceeded by prohibition.

In the present proceeding we issued an alternative writ suspending the execution of the judgment, and the present inquiry is as to the sufficiency and solvency of the surety.

The evidence shows, pretermitting the question of the value of the shares of stock in the Item, that Thompson owns and

holds in this jurisdiction unincumbered bonds of a publishing company in Virginia to the extent of $7,000, worth par and susceptible of being sold for net—less than seventy-five cents on the dollar.

According to Arts. 24 of 1876, amending Art. 575 C. P., the only requirement of a surety on an appeal bond are that he should reside within the jurisdiction of the Court and have property liable to seizure to the amount of the obligation within the State.

Act. 45 of 1890 amending and re-enacting the article leaves out the words "liable to seizure."

It follows from the testimony that Thompson fulfills these requirements.

We are referred by respondent to the case of Menge vs. Judge, 36 A. 713, in which the Supreme Court used the following language:

"We have failed to discover a single decision in which a surety has ever been held to such as the law requires, who carried his property in his pocket, a locus to which the sheriff's grasping hand cannot without molestation and danger, usually finds its way."

The case is *sui generis* and the language and conclusion of the Court were probably prompted by the fact that "the surety, on the stand, states that the notes are in his possession, and that it would be very difficult for the sheriff to seize them under execution, if he could seize them at all."

Two of the justices vigorously dissented, stating that the rule adopted did not improve the ultimate responsibility of sureties and imposed a new qualification not required by the Legislature.

If the doctrine so broadly laid down be held to apply to all cases differently circumstanced, it would be a difficult matter to find a competent legal surety.

The capitalist whose wealth consisted of bonds and other negotiable securities could not qualify because he might, perchance, occasionally carry them in his pocket, and no one but the merchant with a stock of goods or the owner of real estate could be competent.

Even thev might, subsequent to qualifying, alienate their property and defeat the bond.

It is not unlikely that the amendment of 1890 was enacted in order to obviate the effects of the Menge decision and to re-establish the previous jurisprudence that, "liable to seizure" means only "not legally exempt from seizure." 28 An. 884.

We think the correct test is whether at the time the surety qualifies he resides within the jurisdiction of the Court and has property in the State, not legally exempt from seizure in an amount sufficient to pay all of his liabilities, including the bond, and that future contingencies and possibilities as to the difficulty and inconvenience of a seizure are not to be considered.

This is what the law maker has said, and, should the present safeguards prove insufficient. the remedy is to be sought in legis-lative change.

The surety herein is good and solvent.

It is therefore ordered that the preliminary writ herein is-sued be made perpetual, that the plaintiff in suit and the re-spondent judge be forbidden from executing the judgment in the suit of E. A. O'Sullivan vs. New Orleans Item Publishing Company, No. 83,788 of the docket of the Civil District Court for the Parish of Orleans, and that the judgment dismissing the suspensive appeal be and is hereby avoided and set aside, respondents to pay costs of this proceeding.